THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LAURA DANYEL HEBERT**                                                               **PLAINTIFF**

**v.**                                                                                  **CIVIL CASE NO. 4:23-CV-1-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## OPINION AND JUDGMENT

Laura Danyel Hebert seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on August 15, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.³ Second, plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."⁴ At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).⁵ If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.⁶ At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.⁷ If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.⁸

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

³20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

⁴20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

⁵20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

⁶20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

⁷20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

⁸*Muse*, 925 F.2d at 789.

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of: right wrist osteoarthritis and left wrist degenerative joint disease. At step three, he found that none of these impairments or combination of these impairments

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

meets or medically equals a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform a full range of light work noting that Plaintiff "could lift/carry 20 pounds occasionally and 10 pounds frequently, could stand/walk for six hours in an eight-hour workday, and could sit for six hours in an eight-hour workday." At step four, the ALJ found that the plaintiff has no past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of cafeteria attendant, fast food worker and small parts assembler. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the RFC assessed by the ALJ lacks substantial supporting evidence because it does not include reaching or manipulative limitations associated with her severe impairments of right wrist osteoarthritis and left wrist degenerative joint disease. The plaintiff points to treatment notes reflecting that at a medical visit on July 10, 2018, the plaintiff complained of pain in her right wrist, which was observed to have swelling, tenderness, pain on palpation, reduced range of motion, and decreased range of active flexion motion. The plaintiff argues that these treatment notes should have resulted in at least some reaching and manipulative limitations. However, as the Commissioner points out, at the plaintiff's medical visit to the same provider on October 3, 2018 – the plaintiff's only other medical visit during the relevant time period other than a radiology appointment where an x-ray showed degenerative changes of the carpal bones in the left wrist with no fractures or dislocation -- there were no complaints or abnormal observations regarding either of the plaintiff's wrists.

4

Additionally, the state agency medical consultants at the initial and reconsideration levels found the plaintiff to have no severe impairments. While it is true the ALJ found those findings unpersuasive on the grounds that the evidence shows the plaintiff has severe impairments that limit her to work at the light exertional level, those findings constitute evidence nonetheless that the plaintiff is less limited by her impairments than she claims. The plaintiff's argument that the ALJ's RFC assessment is unsupported by substantial evidence is essentially a request that the court reweigh the evidence in her favor, which the court may not do.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 16th day of August, 2023.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE
